UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE TURNER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>THE STATE OF CALIFORNIA,<br><br>　　　　　　Respondent.<br>_____ | Case No. EDCV 16-1524 SVW(JC)<br><br>ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ("PETITION") WITHOUT PREJUDICE TO THE EXTENT IT CHALLENGES THE STATE JUDGMENT; AND (2) TRANSFERRING PETITION TO SOUTHERN DISTRICT OF CALIFORNIA TO THE EXTENT IT CHALLENGES THE EXECUTION OF PETITIONER'S SENTENCE/THE DENIAL OF PAROLE |

**I.　SUMMARY**

On July 12, 2016, petitioner Ernest Lee Turner ("petitioner"), who is in custody at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, in the Southern District of California (28 U.S.C. § 84(d)), and is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition").  The Current Federal Petition purports to challenge petitioner's 2005 conviction in Riverside County Superior Court in Case No. RIF111528 ("State Case"), but petitioner's only claim for relief is that he should be released because he has served almost fourteen (14) years without any infractions and has been rehabilitated.  (Current Federal Petition at 2, 3).

For the reasons discussed below: (1) to the extent the Current Federal Petition challenges the judgment in the State Case, the Court dismisses it without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition; and (2) to the extent the Current Federal Petition challenges the execution of petitioner's sentence/the denial of parole, the Court transfers it to the Southern District of California.

## II. PROCEDURAL HISTORY[1]

### A. State Court Proceedings in State Case

On November 23, 2004, a Riverside County Superior Court jury found petitioner guilty of three counts of second degree robbery and found true allegations that petitioner had personally used a deadly and dangerous weapon in the commission of each such robbery. On November 24, 2004, in a bifurcated proceeding held after petitioner waived his right to a jury trial on prior conviction allegations, the court found such prior conviction allegations to be true. On January 10, 2005, the court sentenced petitioner to a total of 90 years to life in prison.

On November 14, 2005, the California Court of Appeal affirmed the judgment in the State Case. Petitioner did not further pursue a direct appeal.

///

---

[1] The facts and procedural history set forth in this section are derived from the Current Federal Petition and supporting documents and dockets/court records in the following cases in the Central District of California ("CDCA"), the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), and the United States Supreme Court ("U.S. Supreme Court") of which this Court takes judicial notice: (1) Ernest Lee Turner v. V.M. Almager, CDCA Case No. EDCV 07-533 SVW(JC) ("First Federal Petition" or "First Federal Action"); (2) Ernest Turner v. V.M. Almager, Ninth Circuit Case No. 11-57212 ("Ninth Circuit Action"); and (3) U.S. Supreme Court Case No. 12-10734 ("U.S. Supreme Court Action"). See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

Petitioner subsequently sought, and was denied, habeas relief in the Riverside County Superior Court, the California Court of Appeal, and the California Supreme Court.

### B. First Federal Action, Ninth Circuit Action, and U.S. Supreme Court Action

On January 10, 2014, petitioner filed the First Federal Petition challenging the judgment in the State Case on multiple grounds. On October 19, 2011, this Court denied the First Federal Petition on its merits and dismissed the First Federal Action with prejudice. On October 21, 2011, judgment was entered accordingly.

On January 18, 2013, the Ninth Circuit issued an order denying petitioner's request for a certificate of appealability in the Ninth Circuit Action.

On October 7, 2013, the U.S. Supreme Court denied petitioner's petition for a writ of certiorari in the U.S. Supreme Court Action.

### C. Current Federal Petition

As noted above, on July 12, 2016, petitioner filed the Current Federal Petition which purports to again challenge the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[2]

### III. DISCUSSION

#### A. The Current Federal Petition Is Dismissed without Prejudice to the Extent It Challenges the Judgment in the State Case

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision

---

[2]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

"creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

Petitioner's First Federal Petition was denied on its merits – not for a technical or procedural reason. Accordingly, to the extent the Current Federal Petition challenges the judgment in the State Case, it is successive, and since petitioner filed it without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**B.     The Current Federal Petition Is Transferred to the Southern**

## District of California to the Extent It Challenges the Execution of Petitioner's Sentence/the Denial of Parole

Venue is proper in a habeas action in either the district of conviction or the district of confinement. See 28 U.S.C. § 2241(d). In cases in which a petition is directed to the manner in which a sentence is being executed, the district of confinement is the preferable forum. Magee v. Soto, 2015 WL 5611380, *1 (N.D. Cal. Sept. 22, 2015) (transferring petition challenging parole decision from district of conviction to district of confinement); Wallace v. Small, 2009 WL 4641722 (S.D. Cal. Dec. 1, 2009) (proper forum to challenge execution of sentence is district where prisoner confined) (citation omitted); cf. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (proper forum for federal inmate to challenge execution of sentence is district in which prisoner confined). Accordingly, district courts in California generally transfer habeas actions challenging the manner in which a sentence is being executed to the district in which the petitioner is confined.

As noted above, petitioner is housed in San Diego, California, within the jurisdictional boundaries of the Southern District of California. See 28 U.S.C. § 84(d). Accordingly, pursuant to 28 U.S.C. §§ 1404(a) and 2241(d), and in the interests of justice, to the extent the Current Federal Petition challenges the execution of petitioner's sentence/the denial of parole, it is appropriate to transfer it to the United States District Court for the Southern District of California.

**IV.   ORDERS**

IT IS THEREFORE ORDERED:

1.   The Current Federal Petition is dismissed without prejudice to the extent it challenges the judgment in the State Case and judgment shall be entered accordingly.

///

2. The Current Federal Petition, to the extent it challenges the execution of petitioner's sentence/the denial of parole, is transferred to the United States District Court for the Southern District of California.

3. The Clerk shall effect the above-referenced transfer to the United States District Court for the Southern District of California and shall serve a copy of this Order upon petitioner and upon the California Attorney General.

IT IS SO ORDERED.

DATED: July 21, 2016

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE